(34 Misc. Rep. 16.)

### PESSOLANO v. PESSOLANO.

(Supreme Court, Special Term, New York County. February, 1901.)

1. DIVORCE—ADULTERY—PHOTOGRAPHS—IDENTIFICATION—SUFFICIENCY.
   The identification of parties on a photograph put in evidence by plaintiff in a divorce case to prove defendant's adultery should be by some one other than the plaintiff himself.
2. SAME—DATES.
   Evidence in a divorce case is insufficient to establish the charge of adultery when no dates are given, and for aught that appears the illicit cohabitation proved might have been anterior to the marriage of the parties to the action.

Action for divorce by Arsenio Pessolano against Maria C. Pessolano. Cause restored to calendar and held for further proof.

John Palmieri, for plaintiff.

GILDERSLEEVE, J. This is an action for an absolute divorce instituted by Arsenio Pessolano, against his wife, Maria C. Pessolano. The parties were married 14 years ago, according to the husband's testimony, and there is one child of the marriage, a girl now 13 years of age. The defendant has not appeared in the action, and the cause

was tried as an uncontested divorce case. The evidence of the adultery is as follows, viz.: The plaintiff identifies a photograph as that of his wife, the defendant. This photograph, however, has not been handed up with the papers, although it was marked in evidence. Mrs. Palaconi, the housekeeper of No. 22 Baxter street, is put on the stand and testifies thus:

"Q. (Handing witness Plaintiff's Exhibit 1.) Will you look at that photograph, and see whether you recognize the parties on it? A. I know them as man and wife."

She then goes on to testify that these people, the originals of the photograph, occupied an apartment in her house, and lived there as man and wife, and that they had five children. The witness does not say that the man was not the plaintiff, and the only evidence that the photograph was that of the defendant is given by the plaintiff himself. This is clearly an insufficient identification of the defendant as the woman referred to by Mrs. Palaconi as living at No. 22 Baxter street, nor is it at all convincing proof of defendant's adultery. The next witness is Madelina Corelli, who is asked:

"Q. Do you know the defendant, Maria Pessolano? A. Do you mean the wife? Yes. Q. Have you ever visited her while she was living with the co-respondent, Cero Caruci? A. Yes. Q. Where were they living at the time you visited them? A. In Elizabeth street, No. 125."

She then says that they occupied a whole floor there for six or seven months. The dates, however, are not given either by Madelina Corelli or by Mrs. Palaconi, and for aught that appears the events referred to by them might have been anterior to the marriage of the parties to this action. Miss Corelli is then asked:

"Q. How many children did they have when they lived there? Do you know? A. One she had, and she was pregnant at that time."

We therefore see that plaintiff swears to one child, Mrs. Palaconi to five children, and Miss Corelli to one and pregnancy with another. Mrs. Palaconi swears that the originals of the photograph lived at No. 22 Baxter street, while Miss Corelli says that she visited defendant while she was living at No. 125 Elizabeth street. As no dates are given, and the number of children varies so much, the evidence is somewhat indefinite. The plaintiff's counsel should have had the photograph identified by some one other than the plaintiff, and should have brought out the dates with much greater particularity. The evidence as to the service of the summons and complaint is that of a clerk in the office of Mr. John Palmieri, the plaintiff's attorney, who swears that defendant was pointed out to him by Antonio Pessolano, the brother of the plaintiff, who corroborates the statement of the clerk. The evidence on this subject, however, is somewhat too brief and meager, and the clerk and the plaintiff's brother should have given a more detailed account of the circumstances attending the service. The cause may be restored to the calendar for further proof, and set down for trial on February 27, 1901.

Ordered accordingly.